IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| **ZACHARY MORLEY, ON BEHALF OF HIMSELF AND ALL OTHER SIMILARLY SITUATED PLAINTIFFS, KNOWN AND UNKNOWN,**<br><br>Plaintiff,<br><br>v.<br><br>**VISION LOGISTICS, LLC**<br><br>Defendant | No. 24 cv<br><br>**Honorable Judge**<br><br>**Magistrate Judge**<br><br>*JURY DEMAND* |

## COMPLAINT

NOW COMES Plaintiff, **ZACHARY MORLEY**, by and through his attorney, JOHN W. BILLHORN OF BILLHORN LAW FIRM, and for his Complaint against Defendant, **VISION LOGISTICS, LLC,** states as follows:

### I.  NATURE OF ACTION

1. This action is brought under the Fair Labor Standards Act, 29 U.S.C. §201, *et seq*. ("FLSA") and the Illinois Minimum Wage Law, 820 ILCS §105/1 *et seq* (IMWL). Plaintiff also asserts that the IMWL claim is subject to class treatment pursuant to Federal Rule of Civil Procedure 23.

### II.  JURISDICTION AND VENUE

2. Jurisdiction arises under the provisions of the Fair Labor Standards Act, 29 U.S.C. §§ 206-207, and for the supplemental Illinois statutory claim, pursuant to 28 U.S.C. §1367. Venue lies in the Northern District of Illinois in that during all times relevant to the employment relationship, Plaintiff performed work in this district and is a resident of this

district and Defendant are or were engaged in business in this district.

**III.    THE PARTIES**

3.      Defendant, **VISION LOGISTICS, LLC** (herein referred to as a "Defendant"), is located at 6949 N 3000E Rd, Manteno, IL 60950.  Defendant provides logistics and other transportation services to its freight transport clients. Defendant is an "enterprise" engaged in commerce or in the production of goods for commerce within the meaning of Section 29 U.S.C. §203(s)(1)(A)(i) and based upon information and belief formed after reasonably inquiry, satisfies the minimum annual gross sales dollar amount required by 29 U.S.C. §203(s)(1)(A)(ii). During all relevant times, Defendant was acting in the interest of and as the employer in relation to Plaintiff and all putative Class members and therefore, as defined under both the federal and state statutes relied upon, is an "employer."

6.      Plaintiff, **ZACHARY MORLEY** (hereinafter referred to as "Plaintiff" or "Morley"), is a current employee who performs a variety of duties, including but not limited to, clerical, dispatch, and account representative duties for Defendant under the direction of Defendant's management, and who was and is compensated as an salary-exempt employee and denied overtime compensation for hours worked in excess of 40 in a workweek.

8.      All other unnamed Plaintiffs, known and unknown (hereinafter referred to as "members of the Plaintiff Class" or "similarly situated Plaintiffs"), are past or present employees who work or worked for Defendant in the same or similar capacity as described above and who were also not paid an overtime premium at a rate of one and one-half their regular rates of pay for hours worked in excess of 40 in a workweek. As an employee performing duties for an enterprise engaged in commerce, Plaintiff and all members of the Plaintiff Class were also engaged in commerce as defined by the FLSA.

IV. **STATUTORY VIOLATIONS**

**Collective Action Under The Fair Labor Standards Act**

10. Pursuant to the FLSA, 29 U.S.C. §216(b), Count I of this action is brought by Plaintiff as an opt-in representative or collective action, on behalf of himself and other Plaintiffs similarly situated who have been damaged by Defendant's failure to comply with 29 U.S.C. §201 *et seq.* and §251 *et seq.* Count II alleges a willful violation of the FLSA and seeks an additional third year of limitations. Count III seeks liquidated damages under the FLSA, Section 260.

**Illinois Minimum Wage Law**

11. Pursuant to the IMWL, 820 ILCS §105/1 *et seq.*, Count IV of this action is brought by Plaintiff to recover unpaid back wages earned on or before the date three (3) years prior to the filing of this action. Each and every Plaintiff who joins this case in the future shall specifically adopt and assert the claims made under this Count IV. The claims asserted by the named Plaintiff herein under the IMWL are proper for certification under Federal Rule of Civil Procedure 23.

V. **FACTUAL ALLEGATIONS RELEVANT TO ALL COUNTS**

12. Plaintiff Morley, at all times pertinent to the cause of action, was employed by Defendant, said employment being integral and indispensable to Defendant's business.

14. Morley has been employed by Defendant since approximately March 2017 and is currently still employed.

15. During Morley's employment, Defendant paid Morley on an exempt salary compensation plan that provides as follows: a designated, fixed salary amount for the first 50 hours of work in any statutory workweek, and then for all hours over 50 an hourly rate

equal to the hourly rate derived from the amount of salary and divided by 50 (i.e., the first 50 hours). The job duties and compensation structure utilized by Defendant to pay Plaintiff did not qualify under any of the salary exemptions established by the FLSA or the IMWL.

18. Over the course of his employment with Defendant, Morley worked, at minimum, from approximately 7:00 a.m. to 6:00 p.m. Monday through Friday. Additionally, Morley worked some Saturdays at varying hours.

19. Over the course of his employment with Defendant, Plaintiff Morley performed various non-exempt clerical work, including dispatching, such that Plaintiff did not qualify for any salary exemptions under the FLSA and should have been compensated as a non-exempt hourly employee and paid time and one-half his regular hourly rate of pay for all hours worked over forty (40) in a workweek.

20. Plaintiff Morley worked in excess of forty (40) hours in a workweek without pay for all hours worked over forty (40) at a rate of time and one-half his regular hourly rates of pay, pursuant to the requirements of the federal and state statutes herein relied upon, in at least one, if not all, weeks in which he was employed by Defendants.

28. The named Plaintiff, and members of the Plaintiff Class, were paid only for hours worked up to forty (40) in a work week at their straight time hourly rates of pay, and received no compensation for such hours worked in excess of (40) in a workweek, even though the named Plaintiff and members of the Plaintiff Class were scheduled for, and indeed worked, in excess of 40 hours in a work week.

29. The total amount of hours worked by the named Plaintiff, and therefore the total number of overtime hours for which additional compensation is owed, is information that is substantially, if not completely, within the control and possession of Defendant, in

that Defendant recorded or should have recorded such hours pursuant to the record keeping requirements found at Title 29 CFR, Part 516.

30. The claims brought herein by the named Plaintiff are identical or similar to the claims of other past and present employees who were subject to the non-compliant policies and practices alleged herein.

31. The non-compliant practices as alleged herein were part of a variety of practices and policies implemented and maintained by Defendant and are common to a group or "class" of past and present employees. Those past and present employees are entitled to receive Notice of these proceedings and afforded opportunity to join their individual claims.

## COUNT I

## VIOLATION OF FAIR LABOR STANDARDS ACT

1-31. Paragraphs 1 through 31 are re-alleged and incorporated as though set forth fully herein as paragraphs 1 through 31 of this Count I.

32. Pursuant to the Fair Labor Standards Act, 29 U.S.C. §201 *et seq.*, the named Plaintiff, and all other Plaintiffs similarly situated, known and unknown, are entitled to compensation for all hours worked and compensation at a rate not less than one and one-half times the regular rate of pay for all hours worked in excess of forty (40) in any week during the two (2) years preceding the filing of this action.

33. Defendant has at all times relevant hereto failed and refused to pay any compensation for hours worked in excess of forty (40) in a work week, including the named Plaintiff herein and all other Plaintiffs similarly situated, known and unknown as described above.

WHEREFORE, Plaintiff, on behalf of himself and all other Plaintiffs similarly situated, known and unknown, respectfully requests this Court to enter an order:

(a) awarding back pay equal to the amount of all unpaid overtime compensation for the two (2) years preceding the filing of this Complaint, according to the applicable statute of limitations;

(b) awarding prejudgment interest with respect to the total amount of unpaid overtime compensation;

(c) awarding Plaintiff's reasonable attorneys' fees and costs incurred as a result of Defendant'' violations of the Fair Labor Standards Act; and,

(d) for such additional relief as the Court deems appropriate under the circumstances.

## COUNT II

## WILLFUL VIOLATION OF THE FAIR LABOR STANDARDS ACT

1-33. Paragraphs 1 through 33 of Count I are realleged and incorporated as though set forth fully herein as Paragraphs 1 through 33 of Count II.

34. Defendant's actions as complained above were done with Defendant's knowledge that the compensation policies and practices at issue were in violation of the statutes alleged, or with a reckless disregard for whether the policies and practices were in violation of those statutes. Through legal counsel as well as industry experience and custom, Defendant possessed ample access to the regulations and statutory provisions relating to the municipal, state and federal laws recited herein, but either failed to seek out such information and guidance or did seek out the information and guidance but failed to adhere to the principles of compliance as stated.

35. Pursuant to the Fair Labor Standards Act, the named Plaintiff and all other employees similarly situated, past or present, are entitled to compensation at a rate not less

than one and one-half times their regular rate of pay for all hours worked in excess of forty (40), in the three (3) years preceding the filing of this complaint.

WHEREFORE, the named Plaintiff, on behalf of himself and all other Plaintiffs similarly situated, known and unknown, respectfully requests this Court to enter an order:

(a) awarding back pay equal to the amount of all unpaid compensation for one (1) additional year, totaling three (3) years preceding the filing of this Complaint;

(b) awarding prejudgment interest with respect to the amount of unpaid overtime compensation;

(c) awarding Plaintiff's reasonable attorneys' fees and Court costs incurred as a result of Defendant's violation of the Fair Labor Standards Act; and

(d) for such additional relief the Court deems appropriate under the circumstances.

## COUNT III

## LIQUIDATED DAMAGES
## UNDER THE FAIR LABOR STANDARDS ACT

1-35. Paragraphs 1 through 35 of Count II are re-alleged and incorporated as though set forth fully herein as Paragraphs 1 through 35 of Count III.

36. In denying the named Plaintiff and members of the Plaintiff Class compensation as described above, Defendant's acts were not based upon good faith or reasonable grounds. Through legal counsel as well as industry experience and custom, Defendant possessed ample access to the regulations and statutory provisions relating to the municipal, state and federal laws recited herein, but either failed to seek out such information and guidance or did seek out the information and guidance but failed to adhere to the principles of compliance as stated.

37. The named Plaintiff and all other past and present employees similarly situated, known and unknown, are entitled to liquidated damages equal to the amount of all unpaid compensation, pursuant to 29 U.S.C. §260.

WHEREFORE, the named Plaintiff, on behalf of himself and all other Plaintiffs similarly situated, known and unknown, respectfully requests this Court to enter an order:

(a) awarding liquidated damages equal to the amount of all unpaid compensation;

(b) awarding Plaintiff's reasonable attorneys' fees and costs incurred as a result of Defendant's violation of the Fair Labor Standards Act; and

(c) for such additional relief the Court deems appropriate under the circumstances.

## COUNT IV

### SUPPLEMENTAL STATE LAW CLAIM
### VIOLATION OF THE ILLINOIS MINIMUM WAGE LAW

1-37. Paragraphs 1 through 37 of Count III are re-alleged and incorporated as though set forth fully herein as Paragraphs 1 through 37 of this Count IV.

38. As described in the foregoing paragraphs, Defendant's compensation policies and practices are in violation of the Illinois Minimum Wage Law, 820 ILCS §115/1 *et seq.*

39. The Illinois Minimum Wage Law provides that an employer who fails to pay the required amount of wages due an employee under the law shall be liable to the underpaid employee or employees for the unpaid wages and for an additional penalty in the amount of 2% of the amount of such underpayments for each month following the date such underpayments remain unpaid.

40. Defendant's failure to pay compensation as described above has been willful and/or in bad faith.

WHEREFORE, the named Plaintiff, on behalf of himself and all other Plaintiffs similarly situated, known and unknown, respectfully requests this Court to enter an order:

(a) declaring and decreeing Defendant's compensation practices as described herein, and such other violations which may come to light during the prosecution of this matter, in violation of the provisions of the Illinois Minimum Wage Law;

(b) awarding an amount of damages, to be shown by the evidence, to which the named Plaintiffs and other members of the Plaintiff Class are entitled;

(c) allowing this Court to retain jurisdiction of the case until such time it is assured Defendant has remedied the compensation policies and practices complained of herein and are determined to be in full compliance with the law;

(d) directing Defendant to pay to Plaintiff's reasonable attorneys' fees, costs, and litigation expenses, as provided by statute;

(e) for such additional relief the Court deems just and appropriate under the circumstances.

Respectfully submitted,

*Electronically Filed 01/19/2024*

/s/ John W. Billhorn

_____

John William Billhorn

BILLHORN LAW FIRM
53 West Jackson Blvd., Suite 1137
Chicago, IL 60604
(312) 853-1450

Attorney for Plaintiffs and members of the Plaintiff Class, known and unknown